USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC#:
DATE: 10/18/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD FELIX,

         Plaintiff,

 -against-

THE CITY OF POUGHKEEPSIE, JOHN
DOUGLAS (Shield #90), P.O. BRADLEY
SUKEENA (Shield #94), P.O. KRISTOPHER
ADAMS (Shield #74), THE DUTCHESS COUNTY
DISTRICT ATTORNEY'S OFFICE, ADA FRANK
R. PETRAMALE, P.O. JOHN DOE #1 and P.O.
JOHN DOE #2,

         Defendants.

16-cv-1131 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

  On February 15, 2016, Plaintiff Donald Felix ("Plaintiff") commenced this action asserting violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983, and state law claims sounding in false arrest, malicious prosecution, intentional and negligent infliction of emotional distress, and negligent hiring, retention, training and supervision, by filing the Complaint with the Court. (ECF No. 1.) Since that date, no summons has been issued or served upon any of Defendants. Presently before the Court is Defendants' motion to dismiss the Complaint, pursuant to, *inter alia*, Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).[1] (ECF No. 17.) For the following reasons, Defendants' motion is GRANTED.

---

[1] Defendants do not explicitly indicate in their Notice of Motion which provisions of the Federal Rules of Civil Procedure they are moving under. Since Defendants state that dismissal is appropriate based on lack of personal jurisdiction, failure to properly commence the action, and failure to state a claim upon which relief may be granted, the motion is in effect made pursuant to Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction, 12(b)(5) (insufficient service of process), and 12(b)(6) (failure to state a claim upon which relief may be granted).

1

## BACKGROUND

I.   **Factual Background**[2]

On September 6, 2014, Plaintiff was working as the owner and operator of a Taxi and Limousine company called Lane Changers, Inc. (Am. Compl. ¶ 21.) At approximately 1:19 a.m., Plaintiff was at a residence located at 1 Hammersley Avenue, Apt. #1, Poughkeepsie, New York ("1 Hammersley Avenue"). (*Id.*) Plaintiff asserts that he had entered 1 Hammersley Avenue to pick up a client and that his car was parked in front of the building. (*Id.*) Shortly after his arrival, police officers employed by the City of Poughkeepsie (the "City") Police Department ("CPPD") forcibly entered 1 Hammersley Avenue in execution of a warrant that did not contain Plaintiff's name. (*Id.* ¶ 22.) The CPPD officers seized Plaintiff, handcuffed him, and made him lie on the ground as they searched 1 Hammersley Avenue. (*Id.* ¶ 23.) They also removed Plaintiff's clothing and performed a cavity search on Plaintiff. (*Id.*)

Plaintiff and six other individuals at 1 Hammersley Avenue were arrested and accused of criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the fourth degree. (*Id.* ¶ 24.) At the CPPD precinct, Plaintiff voluntarily spoke in a taped interview with Defendant CPPD Officers John Douglas and Bradley Sukeena. (*Id.* ¶ 25.) During the interview, Plaintiff explained that he had no prior association with the other arrestees at 1 Hammersley Avenue because he had been recently released from incarceration on August 29, 2014, the date the CPPD officers' search warrant had been signed. (*Id.*) Plaintiff also provided proof of his identification, ownership of his vehicle, and ownership of his taxi company. (*Id.*) According to Plaintiff, Officers Douglas and Sukeena stated during the interview that they believed that he had nothing to do with the drugs or

---

[2] The following facts are derived from the Complaint and are assumed to be true for the purposes of this motion.

guns found at 1 Hammersley Avenue, but that since the other arrestees did not admit that such drugs and guns were theirs, Plaintiff would be "held and charged." (*Id.* ¶ 26.)

Thereafter, Plaintiff was arraigned and charged with one count of criminal possession of a narcotic drug with intent to sell it, N.Y. Penal Law § 220.16(1), and one count of criminal possession of one or more preparations, compounds, mixtures or substances weighing, in aggregate, one half ounce or more, containing a narcotic drug, N.Y. Penal Law § 220.16(12). (*Id.* ¶ 27.) Plaintiff was not released on bail and remained incarcerated at the Dutchess County Jail. (*Id.* ¶¶ 28–29.) On May 5, 2015, nearly eight months after his arrest, the felony charges against Plaintiff were dismissed at the request of Defendant Assistant District Attorney ("ADA") Frank Petramale. (*Id.* ¶ 29.)

## II. Procedural Background

Plaintiff commenced this action by filing the Complaint on February 15, 2016. (ECF No. 1.) Plaintiff was represented by counsel at that time. No request for issuance of summons was ever made by Plaintiff, nor has a summons ever been issued as to any of Defendants. On June 10, 2016, Plaintiff filed Affidavits of Service signed by Frank Rutigliano, stating that Rutigliano attempted to personally serve the civil cover sheet and Complaint, but not the summons, on Defendants on April 20, 2016. (ECF No. 3.)

On August 17, 2017, sixteen months after Plaintiff's defective initial attempt at service, Plaintiff's counsel mistakenly mailed a copy of a complaint from a separate action commenced by Plaintiff to Defendants and requested that they execute and return waivers of service of the summons within 60 days. (Affidavit of David L. Posner ("Posner Aff.") (ECF No. 19) Ex. C, D.) By three separate letters sent in September 2017, Defendants' counsel notified Plaintiff's counsel that he had enclosed the wrong complaint. (*Id.* Ex. E.)

3

Nonetheless, Plaintiff did not make a third attempt at service until June 2018, approximately nine months later. (*Id.* Ex. F.) On June 8, 2018, Plaintiff's counsel mailed a copy of the correct complaint to the City and ADA Petramale, and again requested by letter that they waive service of the summons. (*Id.*) The waiver forms attached to the letter were not updated and were thus misdated, calling for their execution and return by August 17, 2017. (*Id.*) Plaintiff's counsel also sent a letter misdated August 17, 2017, to the remaining Defendants including the correct complaint and additional misdated waivers. (*Id.* Ex. G.)

On July 31, 2018, Defendants' counsel entered his appearance. (ECF No. 4.) On August, 1, 2018, he requested leave to file a motion to dismiss the Complaint. (ECF No. 5.) On the same date, Plaintiff's counsel wrote a letter to the Court advising that, pursuant to Plaintiff's wishes, he no longer represented Plaintiff. (ECF No. 6.) The Court endorsed the letter, permitting Plaintiff's counsel to withdraw and staying the case for 30 days to allow Plaintiff to obtain new counsel. (ECF No. 7.) The Court also endorsed Defendants' letter request to file a motion to dismiss to the extent of setting a briefing schedule following the expiration of the 30-day stay. (ECF No. 8.) On August 27, 2018, Plaintiff notified the Court that he was proceeding *pro se*. (ECF No. 9.) Defendants' motion to dismiss was fully briefed as of November 27, 2018. (ECF No. 10.) On December 14, 2018, Plaintiff belatedly mailed a letter to the Court opposing Defendants' motion. (ECF No. 16.) Defendants re-filed their motion to dismiss on January 18, 2019, including a reply to Plaintiff's opposition. (ECF No. 17, 24.)

As of the date of this Opinion and Order, no summons has been issued or served on Defendants, and Plaintiff has made no application for an extension of time to complete such service.

## STANDARDS OF REVIEW

**I.   Federal Rule of Civil Procedure Rule 12(b)(5)**

"Federal Rule of Civil Procedure Rule 12(b)(5) provides for dismissal of an action if service of process was not timely effected in accordance with Federal Rule of Civil Procedure 4(m)." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 107–08 (S.D.N.Y. 2000); *see also Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt Indus. Co.*, No. 13-cv-7639, 2016 WL 3926449, at *2 (S.D.N.Y. July 15, 2016); *Tomney v. Int'l Ctr. For the Disabled*, No. 02-cv-2461, 2003 WL 1990532, at *3 (S.D.N.Y. Apr. 29, 2003); *Bellis v. Tokio Marine & Fire Ins. Co.*, No. 93-cv-6549, 2002 WL 193149, at *15 (S.D.N.Y. Feb. 7, 2002) ("Rule 12(b)(5) is the proper provision to challenge 'the mode of delivery or the lack of delivery of the summons and complaint.'") (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1353 (2d ed.1990)).

"On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005) (citation omitted). In considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look to matters outside of the complaint to determine whether it has jurisdiction. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

"Service of process in the federal system requires service of a summons, in the manner prescribed in [Federal] Rule [of Civil Procedure] 4, together with a copy of the complaint." *Osrecovery, Inc. v. One Group Int'l, Inc.*, No. 02-cv-8993, 2005 WL 1958359, at *1 (S.D.N.Y. Aug. 15, 2005). Rule 4(m) of the Federal Rules of Civil Procedure governs the timeliness of service. It provides in relevant part that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *AIG Managed Mkt. Neutral Fund*, 197 F.R.D. at 108. Good cause is "evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control." *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003). "An attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." *Id.* (collecting cases); *see Songhorian v. Lee*, No. 11-cv-36, 2012 WL 6043283, at *3 (S.D.N.Y. Dec. 3, 2012) (Attorney neglect and inadvertence "are generally not sufficient to support a finding of good cause."). In determining whether good cause for an extension exists, courts consider the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay. *See George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432–33 (S.D.N.Y. 2016); *accord Vantone Grp. Ltd. Liab. Co.*, 2016 WL 3926449, at *2.

"[A] court has the discretion to grant an extension of time to serve the defendant" even absent a showing of good cause. *Hahn v. Office & Prof'l Emp. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)). However, the court is "not required to do so." *Zapata*, 502 F.3d at 197; *accord Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) ("We have interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause."). In deciding whether to grant a

discretionary extension, a court should consider factors including, *inter alia*, "the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure to properly serve." *Mares v. U.S.*, 627 Fed. App'x 21, 23 (2d Cir. 2015) (citing *Zapata*, 502 F.3d at 197–99).

## II. Federal Rule of Civil Procedure 12(b)(2)

"'Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.'" *Prokopiou v. Long Island R.R. Co.*, No. 06-cv-2558, 2007 WL 1098696, at *5 (S.D.N.Y. Apr. 9, 2007) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). "Thus, although a Rule 12(b)(5) motion is distinct from a Rule 12(b)(2) motion, which challenges the actual existence of personal jurisdiction, both go to the Court's ability to exercise judicial power over the defendant." *George*, 221 F. Supp. 3d at 442 n.4 (quotation marks omitted). On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994).

## III. Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), the inquiry for motions to dismiss is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit

"mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id*. at 679. A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

## DISCUSSION

Defendants aver that the Complaint should be dismissed in its entirety because (1) the action was never properly commenced, (2) the Court lacks personal jurisdiction over Defendants, and (3) Plaintiff failed to prosecute the action. (Defendants' Memorandum of Law in Support of Motion to Dismiss ("Defs.' Mem.") (ECF No. 20) 1.) Each of the foregoing grounds for dismissal arises from Plaintiff's failure to serve the summons on Defendants. Defendants contend that the Court should not forgive Plaintiff's failure because, *inter alia*, no good cause for an extension of time has been shown.[3] (Defs.' Mem. 5–6.) Defendants also argue that the Complaint fails to state a claim against the City and ADA Petramale.

In opposition to Defendants' motion, Plaintiff has submitted a one-page letter to the Court requesting that the Court "deny the defendant's motion to dismiss in the Interest of Justice" because his former attorney "made a law office failure by failing to have/request that a summons

---

[3] Defendants also invite the Court to adopt their proposition that since a summons has never been *obtained* from the Clerk of the Court by Plaintiff, "service cannot ever be accomplished, good cause for the delay or not." (Defs.' Mem. 5. Defendants provide no authority to support this proposition, and the Court has not discovered any in its own search of relevant caselaw. To be sure, other courts in this District have applied a "good cause" analysis even where a plaintiff has never attempted to obtain a summons from the Clerk of the Court. *See Britton v. Connecticut*, 2016 WL 308774, at *4–*5 (D. Conn. Jan. 25, 2016); *Fowler v. City of New York*, No 13-cv-2372, 2015 WL 9462097, at *5 (E.D.N.Y. Dec. 23, 2015). Accordingly, the Court declines to hold, as Defendants propose, that "the failure to obtain a summons is not an error which should even be subject to the 'good cause' analysis," (Defs.' Mem. 6.)

be issued in this case." (Plaintiff's Letter Opposing Defendants' Motion to Dismiss ("Pl.'s Opp.") (ECF No. 16).) Plaintiff does not dispute that he failed to serve Defendants with a summons within the appropriate time period. *See* Fed. R. Civ. P. 4(m).

The Court turns first to the jurisdictional issues raised by Defendants' motion, "because a dismissal for lack of jurisdiction renders all other claims moot." *Darden*, 191 F. Supp. 2d at 386 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Calero v. Immigration and Naturalization Service*, 957 F.2d 50 (2d Cir. 1992); *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358 (2d Cir. 2000)).

## I. The Court lacks personal jurisdiction over Defendants

The record is clear that Plaintiff failed to serve Defendants with the summons in the nearly three years since Plaintiff commenced this action, well beyond the 90-day time period allowed by Federal Rule of Civil Procedure 4(m). (*See* Pl.'s Opp.; Posner Aff. Ex. C, D, F, G; Dkt. *en passim*.) Moreover, more than three years after the filing of the Complaint on February 15, 2016, the docket reveals that Plaintiff has never presented proposed summonses to, or obtained summonses from, the Clerk of Court. (*See* Dkt. *en passim*.)

"[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Since no Defendant has ever been served with the summons, and none has ever waived such service, the Court cannot properly exercise personal jurisdiction over Defendants. Thus, the only questions remaining are whether Plaintiff has demonstrated good cause for his delay sufficient to entitle him to an extension of time to complete service of the summons, and, if he has not, whether the Court should nonetheless exercise its discretion to

permit such an extension.

## II. Good Cause

As the Court has observed, in order to show good cause for an extension of time to serve "plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Spinale v. United States*, No. 03-cv-1704, 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *aff'd* 352 Fed. App'x 599 (2d Cir. 2009). Plaintiff has not alleged that any attempt whatsoever to serve the summons was made in the three years since this action was commenced, nor has he shown that such service was not completed due to circumstances beyond his control. Instead, Plaintiff attributes his failure to timely serve the summons to his former attorney's "law office failure," without providing any further explanation. (Pl.'s Opp.)

The record before the Court reveals that sixteen months passed before Plaintiff acted in any manner upon his discovery that no summons had ever been served in this action. (Posner Aff. Ex. C, D.) At that point, rather than making diligent efforts to obtain the summons and request an enlargement of time to serve summonses, Plaintiff sought waivers of service from Defendants. (*Id.*) When Defendants notified Plaintiff briefly thereafter that his request was deficient in that it contained a copy of the wrong complaint, (*Id.* Ex. E), Plaintiff allowed another nine months to lapse before making another attempt, not to obtain summonses from the Clerk of the Court or to serve summonses on Defendants, but to obtain a waiver of service from Defendants, (*Id.* Ex. F, G).

Plaintiff proffers no reasonable excuse for these extensive delays. Moreover, Plaintiff's conclusory assertion that his failure to serve was due to the negligence of former counsel does not amount to an exceptional circumstance beyond Plaintiff's control. To the extent that Plaintiff's former attorney neglected to obtain summonses from the Clerk of the Court, such

10

neglect, even though inadvertent, does not constitute good cause for an extension. *See Cassano v. Altshuler*, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016); *Feingold*, 269 F. Supp. 2d at 276; *see also Tolchin v. Cty. of Nassau*, 322 F. Supp. 3d 307, 312 (E.D.N.Y. 2018) ("The excuses put forth by the Plaintiffs constitute nothing more than repeated incidents of law office failure. Mere inadvertence, delay, or mistake by counsel does not constitute good cause requiring the court to grant an extension of time to serve.") (citing *Alsaidi v. City of New York*, No. 12-cv-5771, 2013 WL 4052880, at *4 (E.D.N.Y. Aug. 12, 2013); *Abreu v. City of New York*, 657 F. Supp. 2d 357, 362 (E.D.N.Y. 2009)).

Since Plaintiff has not alleged that any diligent attempt was made to serve summonses on Defendants, let alone that he was prevented from doing so by circumstances beyond his control, the Court finds the Plaintiff has failed to demonstrate good cause. The Court turns next to the question of whether it should, in the exercise of its discretion, grant an extension regardless of this failure.

### III. Discretionary Extension

Courts in this Circuit generally consider the following factors in deciding whether to exercise their discretion to extend a plaintiff's time to serve: "(1) whether any applicable statue of limitations would bar the action once re-filed; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) (collecting cases); *see also, e.g.*, *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013); *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 287 (E.D.N.Y. 2000). More broadly speaking, Court's determining whether to grant a discretionary extension "balance justifiable excuses

offered by the plaintiff, the length of the delay, and any prejudice to either party." *Spinale*, 2005 WL 659150, at *4.

With respect to the first factor, Plaintiff's federal claims are subject to a three-year statute of limitations, and his state law claims are subject to a one-year and ninety-day statute of limitations. *See Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1156, 517 (2d Cir. 1995) (applicable statute of limitations for Section 1983 claims arising in New York is three years); N.Y. General Municipal Law § 50-i (statute of limitations for New York tort claims is one year and ninety days). Each of Plaintiff's claims arises from events occurring on or before May 5, 2015. (*See* Compl.) Therefore, it appears that the statutes of limitations have run on all of Plaintiff's claims. Plaintiff would plainly be prejudiced should the Court decline to exercise its discretion to extend his time to serve. "While this fact generally favors a plaintiff, 'it does not guarantee an extension for every case that may be time-barred if re-filed.'" *Tolchin*, 322 F. Supp. 3d at 313 (quoting *Alvarado v. Am. Freightways, Inc.*, No. 04-cv-9536, 2005 WL 1467893, at *6 (S.D.N.Y. June 21, 2005)).

With respect to the second factor, while Defendants assert that Plaintiff's attempt to effectuate service in April 2016 without a summons was a nullity for jurisdictional purposes, they do not dispute that that initial attempt at service put them on notice of Plaintiff's lawsuit. *See DeLuca*, 695 F. Supp. 2d at 67 (initial defective service of complaint without summons provided notice of lawsuit to defendants). Even if Plaintiff's first attempt at service did not provide Defendants with notice of the lawsuit, there can be no dispute that they were aware of the lawsuit as of September of 2017, when they received and responded to letters from Plaintiff seeking waivers of service of the summons. (Posner Aff. Ex. E.) Therefore, the Court will assume that the second factor also favors Plaintiff.

The third factor favors Defendants. While Defendants did not actively notify Plaintiff of his failure to serve summonses following his initial attempt at service, Plaintiff's awareness of this deficiency is documented in his letters sent to Defendants in August 2017. (*Id.* Ex. C, D.) Over two years have passed since that date. Nonetheless, Plaintiff has not taken any steps to obtain summonses from the Clerk of the Court or to obtain an extension of time to properly serve Defendants.

As to the fourth factor, extending the service period beyond the statute of limitations period for the action would impose a corresponding prejudice on Defendants, "especially where, as here, both the service period and the statute of limitations period have long since expired." *Vaher*, 916 F. Supp. 2d at 421. While this prejudice would be mitigated if Defendants had actual notice of Plaintiff's claims at an earlier date, *see Zapata*, 502 F.3d at 189–99, the Court finds that given the length of the delay and its attribution to Plaintiff's lack of diligence, the third factor weighs in favor of Defendants, *see Vaher*, 916 F. Supp. 2d at 421.

Thus, the Court finds that two factors favor Plaintiff and two factors favor Defendants. However, "even if the balance of hardships favors the plaintiff, a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for neglect." *Vaher*, 916 F. Supp. 2d at 421 (citing *Zapata*, 502 F.3d at 198 & n.7). Moreover, the burden of proving an excuse for neglect "is higher where the delay in service is substantial." *Spinale*, 2005 WL 659150, at *4; *see Buckley v. DOHA Bank Ltd.*, No. 01-cv-8865, 2002 WL 1751372, at *3 (S.D.N.Y, July 25, 2002) (inadvertent delay of one week "stands in stark contrast to cases in this district where judges have chosen not to exercise this discretionary remedy because plaintiff had still not served for seven or more months after filing at the time defendant moved for dismissal").

13

While Plaintiff blames his failure to serve on the neglect of former counsel, he offers no explanation for that neglect. Thus, Plaintiff advances no justifiable excuse for his failure to timely serve the summons, even one falling short of good cause. Plaintiff's delay of almost three years without the presentation of any colorable excuse beyond Plaintiff's conclusory assertion of "law office failure," coupled with his failure to attempt to cure his defective service by seeking to obtain summonses from the Clerk of the Court and asking the Court to extend his time to serve in the two years since he became aware of it,[4] warrants dismissal of the Complaint. *See Zapata*, 502 F.3d at 199 (upholding district court's refusal to extend time to serve where plaintiff made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and advanced no cognizable excuse for the delay); *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006) (upholding district court's dismissal of claims against unserved defendants where plaintiff offered no excuse for defective service and never attempted to remedy the defects by asking the court to extend her time to effect personal service during the two-year period after she was informed of the improper service). Although Plaintiff's claims are now untimely and will thus be foreclosed by this result, "principles of fairness to all parties and principles of judicial efficiency" justify the Court's decision. *Tolchin*, 322 F. Supp. 3d at 314.

Accordingly, Defendants' motion to dismiss is granted. Although dismissal of the Complaint is without prejudice, the Court notes that it appears any re-filing of Plaintiff's claims

---

[4] The Court recognizes that Plaintiff has been *pro se* for the past approximately 14 months. Nonetheless, Plaintiff has not taken any action to rectify his service deficiencies. To the extent that Plaintiff is not aware that he can do so or does not understand the appropriate method by which to effectuate service, the Court notes that ignorance and confusion, even in the case of a *pro se* plaintiff, do not excuse the failure to properly serve defendants. *Ladner v. Proportional Count Assocs., Inc.*, No. 96-cv-2190, 2001 WL 1328443, at *2 (E.D.N.Y. Sept. 17, 2001) ("Courts have held that the fact that plaintiff is proceeding *pro se* does not excuse him from properly serving the defendants.") (citing *Morrison v. New York State Division for Youth Children*, No. 98-cv-643, 2000 WL 532762, at *3 (N.D.N.Y. Apr. 25, 2000)).

would be time-barred, absent some showing of entitlement to equitable tolling of the statute of limitations.

## IV. Remaining Arguments

As the Court noted, Defendants also moved to dismiss on a number of grounds under Federal Rule Civil Procedure 12(b)(6). Since the Court finds that the Complaint must be dismissed on jurisdictional grounds, it does not address these arguments.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED, and the Complaint is dismissed without prejudice. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 10 and 17 and close the case. The Clerk of the Court is further directed to mail a copy of this Opinion and Order to the Plaintiff at the address listed on the docket and show proof of such service on the docket.

Dated: October 18, 2019          SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge